IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KEITH W.R. LOWE,

    Plaintiff,

v.                                             Case No. 2:17-cv-03929

DAVID BALLARD, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a Motion for Summary Judgment filed by defendants David Ballard, Ralph Terry, and Betsy Jividen [ECF No. 119], and the plaintiff's Motion for Sanctions and to Hold Defendant Jividen in Contempt [ECF No. 121]. For the reasons stated herein, it is hereby **ORDERED** that the defendants' Motion for Summary Judgment [ECF No. 119] is **GRANTED** and the plaintiff's Motion for Sanctions and to Hold Defendant Jividen in Contempt [ECF No. 121] is **DENIED**.

### I. Background

This matter is proceeding on the plaintiff, Keith W.R. Lowe's (hereinafter "Lowe") Amended Complaint [ECF No. 34] alleging that, on July 21, 2017, defendant Ronnie Williams ("Williams") pepper sprayed him, without provocation or justification, while he was confined in his segregation cell at the Mount Olive Correctional Complex ("MOCC"), and that Williams and Lt. Berry ("Berry")

subsequently slammed his head into a wall when they escorted him to the recreation yard to be decontaminated. Lowe claims that the defendants' conduct violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution and constituted assault and battery and intentional infliction of emotional distress under state law.[1]

Lowe's Amended Complaint further alleges that defendants David Ballard ("Ballard"), Ralph Terry ("Terry"), and Betsy Jividen ("Jividen") have authorized the routine use of force against inmates in the segregation units at MOCC without regard to written West Virginia Division of Corrections[2] ("WVDOC") policies or constitutional standards regarding use of force. He further claims that they failed to properly investigate, train, supervise, and discipline their subordinates, which, he claims, amounts to deliberate indifference or tacit authorization of unconstitutional use of force against inmates. Thus, he claims that these supervisors should be also be held liable for the alleged violation of his constitutional rights. The bulk of Lowe's Amended Complaint and his responses to the defendants' dispositive motions contain allegations attempting to establish a long-standing and widespread pattern of similar uses of force on the segregation units at MOCC.

On June 4, 2020, Ballard, Terry, and Jividen filed a Motion for Summary Judgment [ECF No. 119], with supporting affidavits, and a Memorandum of Law

---

[1] By separate Memorandum Opinion and Order, I have granted in part and denied in part a Motion for Summary Judgment filed by defendants Williams, Berry, Slack, and Toney. The only surviving claims are Lowe's Eighth Amendment and assault and battery claims against Williams, both arising out of Williams' deployment of pepper spray into Lowe's cell.
[2] This agency is now known as the West Virginia Division of Corrections and Rehabilitation.

[ECF No. 120] asserting that Lowe cannot establish a valid basis for supervisory liability or intentional infliction of emotional distress and that they are entitled to qualified immunity on his constitutional claims. On June 22, 2020, Lowe filed two responses to the motion for summary judgment [ECF Nos. 127, 128]. In his second response, Lowe agreed to the dismissal of defendant Jividen [ECF No. 128]. On June 26, 2020, defendants Ballard and Terry filed a reply brief [ECF No. 130]. These motions are ripe for adjudication.

## II. Standard of Review

To obtain summary judgment, the moving party must show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). A court considering a motion for summary judgment does not resolve disputed facts, weigh the evidence, or make determinations of credibility. *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995); *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Instead, the court draws any permissible inferences from the facts in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Nonetheless, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. Discussion

The parties agree that defendants Ballard, Terry, and Jividen were not personally involved in the July 21, 2017 events giving rise to this civil action. Thus, the claims against them may only be considered under a theory of supervisory liability. The Fourth Circuit has firmly held that "supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). However, the burden of proof on a supervisory liability claim is weighty. *Iqbal*, 556 U.S. at 677; *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). "There is, however, no *respondeat superior* liability pursuant to 42 U.S.C. § 1983." *Berry v. Rubenstien*, No. 1:07-00535, 2008 WL 1899907, at *2 (S.D. W. Va. Apr. 25, 2008) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Instead, "'[l]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights,' or where a subordinate acts pursuant to a policy or custom for which the supervisor is responsible." *Id.* (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

There are three elements necessary to establish supervisory liability:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* at 799. In order to establish the first element, the plaintiff must show "(1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." *Id.* "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." *Id.*

Turning to the second element, the plaintiff "may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" *Id.* (citations omitted). The Fourth Circuit has held:

> The plaintiff assumes a heavy burden of proof in establishing deliberate indifference because: [o]rdinarily, [the plaintiff] cannot satisfy his burden of proof by pointing to a single incident or isolated incidents, for a supervisor cannot be expected to promulgate rules and procedures covering every conceivable occurrence within the area of his responsibilities. Nor can he reasonably be expected to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct. A supervisor's continued inaction in the face of documented widespread abuses, however, provides an independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates.

*Id.* (citations omitted).

The third element for supervisory liability is established "when the plaintiff demonstrates an 'affirmative causal link' between the supervisor's inaction and the harm suffered by the plaintiff." *Id.* (citations omitted). Causation in this context encompasses both cause in fact and proximate cause. *Id.* The Fourth Circuit has held

5

that the "proof of causation may be direct . . . where the policy commands the injury of which the plaintiff complains . . . [or] may be supplied by [the] tort principle that holds a person liable for the natural consequences of his actions." *Id.* (citations omitted).

### A. *Betsy Jividen*

The defendants' instant motion for summary judgment indicates that Betsy Jividen, the present WVDOC Commissioner, was not in that position at the time of the subject incidents in this matter. [ECF No. 119, Ex. C; ECF No. 120 at 6]. Thus, she could not have been a supervisor of any of the other defendants herein. In response to the motion for summary judgment, Lowe agreed to the dismissal of the claims against Jividen. [ECF No. 128]. Accordingly, I **FIND** that Jividen is entitled to judgment as a matter of law on Lowe's claims against her.

### B. *Ralph Terry and David Ballard*

As noted by the defendants' motion documents, at the time of these incidents, Ralph Terry was the Warden of the Stevens Correctional Center and, thus, was not a member of the supervisory staff at MOCC. [ECF No. 119, Ex. B; ECF No. 120 at 6]. Furthermore, the defendants assert that David Ballard, who was then the Warden at MOCC, was not at the facility and was unaware of the special operation that had been planned by Williams. [ECF No. 119, Exs. A and D; ECF No. 120 at 6]. Moreover, Williams, as Chief of Special Operations, was an employee of the WVDOC's Central Office. Thus, the defendants contend that he was not supervised by either

6

Ballard or Terry and was not operating under any specific MOCC directives. [ECF No. 119, Ex. D; ECF No. 120 at 6].

At bottom, Lowe cannot establish a factual basis for supervisory liability against Ballard and Terry in this matter. In light of my findings concerning the claims against the other defendants, only the conduct of defendant Williams is at issue with respect to potential supervisory liability. Neither Ballard, nor Terry, were supervisors of Williams, who was employed by the WVDOC's Central Office, not MOCC, at the time in question. Therefore, the facts, even when viewed in the light most favorable to Lowe, do not show that Ballard and Terry's conduct violated his constitutional rights. Lowe has failed to establish the first element of supervisory liability - *i.e.* that either of these defendants "had actual or constructive knowledge that *his subordinate* was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff." *Shaw*, 13 F.3d at 799 (emphasis added). Accordingly, I **FIND** that defendants Ballard and Terry are entitled to judgment as a matter of law on Lowe's claims against them.[3]

## IV. Conclusion

For the reasons stated herein, it is hereby **ORDERED** that the Motion for Summary Judgment filed by defendants David Ballard, Ralph Terry, and Betsy

---

[3] As noted above, the defendants further assert that Lowe's claims against them are barred by the doctrine of qualified immunity. Government officials are not liable for monetary damages if they can show that their conduct did not violate clearly-established statutory or constitutional rights of which a reasonable person would have known. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999). Because I have found that these defendants did not violate Lowe's clearly-established constitutional rights, these defendants are entitled to qualified immunity on Lowe's claims against them.

Jividen [ECF No. 119] is **GRANTED**. It is further **ORDERED** that Lowe's Motion for Sanctions and to Hold Defendant Jividen in Contempt [ECF No. 121] is **DENIED**.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: September 9, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE