IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KEITH W.R. LOWE,

      Plaintiff,

v.                                      Case No. 2:17-cv-03929

RONNIE WILLIAMS,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Plaintiff's Motion for Order Instructing MOCC Officials to Provide Plaintiff Access to Word Processor and Disks (ECF No. 158), in which Plaintiff seeks access to a word processor and floppy disks containing work product related to this civil action, which he seeks to use for preparation for the upcoming trial in this matter on July 28, 2021. The undersigned treats the motion as one for preliminary injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure, and thus, submits this Proposed Findings and Recommendation to the presiding District Judge in accordance with 28 U.S.C. §§ 636(b)(1)(A) and (B). For the reasons stated herein, it is respectfully **RECOMMENDED** that Plaintiff's Motion for Order Instructing MOCC Officials to Provide Plaintiff Access to Word Processor and Disks (ECF No. 158) be **DENIED**.

**STANDARD OF REVIEW**

Rule 65(a) of the Federal Rules of Civil Procedure provides that a court may issue a preliminary injunction, an extraordinary remedy, only on notice to the adverse party. Fed. R. Civ. P. 65(a). "[P]reliminary injunctions are not to be granted automatically."

*Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Rather, the discretion of the court to issue such an injunction should be "sparingly exercised." *Id.* at 286.

To obtain a preliminary injunction, a movant must demonstrate that "(1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest." *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama*, 575 F.3d 342 (4th Cir. 2009) (hereinafter "*Real Truth*"). All four factors must be met to justify this extraordinary relief. *Real Truth*, 575 F.3d at 347.

Injunctive relief of this nature is an extraordinary remedy that allows the plaintiff to be immediately granted, on a preliminary or temporary basis, the relief that he or she seeks in the underlying lawsuit. *See Howard v. Statzer*, No. 7:12CV00079, 2012 U.S. Dist. LEXIS 139454, at *2 (W.D. Va. Sept. 26, 2012). In other words, the basis for the preliminary injunction must relate to the claims for which the movant seeks permanent relief. *Id.* ("Because [plaintiff]'s demand for a preliminary injunction is not related to the claims in this lawsuit, he is not entitled to the injunctive relief he seeks in this civil action."). "The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends he was, or will be, harmed through the illegality alleged in the complaint." *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997).

## ANALYSIS

This is Plaintiff's second motion seeking access to his word processor and disks. As noted previously by Judge Goodwin when he denied the prior motion, the sole remaining defendant, Ronnie Williams, is not presently employed at the Mount Olive

2

Correctional Complex ("MOCC"), and his position at the West Virginia Division of Corrections and Rehabilitation ("DCR") does not give him authority over policies and procedures concerning inmate property at the facility level. This fact was reiterated by Defendant Williams in his response to the instant motion and during the hearing before the undersigned on May 26, 2021. The basis of Mr. Lowe's present motion does not involve Mr. Williams, but instead concerns actions by current MOCC administration and staff, who are not parties to this civil action.

Accordingly, the undersigned **FINDS** that the injunctive relief sought by Plaintiff cannot be granted against or provided by Defendant Williams. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Motion for Order Instructing MOCC Officials to Provide Plaintiff Access to Word Processor and Disks (ECF No. 158).[1]

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

---

[1] During the hearing, Plaintiff indicated that these materials were seized on or about September 7, 2020, and that he last sought access to them in January of 2021. He further stated that a new Captain has been assigned to his unit since that time. It was suggested that Plaintiff could make a written inmate request to the new Captain specifying the materials to which he seeks access for trial preparation, in order to ascertain the current status and availability of the materials.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Goodwin.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

May 27, 2021

Dwane L. Tinsley
United States Magistrate Judge

4