IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KEITH LOWE,

          Plaintiff,

v.                                           CIVIL ACTION NO. 2:17-cv-03929

RONNIE WILLIAMS,

          Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is a Renewed Motion for Summary Judgment with an accompanying memorandum of law filed by Defendant Ronnie Williams. [ECF Nos. 183, 184]. Defendant moves the court for an Order granting him summary judgment and dismissing Plaintiff's Eighth Amendment claim (Count I) and assault and battery claim (Count IV) against him. Because genuine disputes of material fact remain, the motion is **DENIED.**

First, the court notes that under its Order and Notice filed on May 6, 2020, Defendant's motion is untimely. [ECF No. 118] (amending the Scheduling Order such that Motions for Summary Judgment be filed by 6/5/2020). While the default deadline under Federal Rule of Civil Procedure 56(b) gives litigants 30 days after the close of all discovery to move for summary judgment, a scheduling order that sets a different

deadline controls. *See* Fed. R. Civ. P. 56 advisory committee's note (2009). No motion to amend the scheduling order has been filed.

Second, notwithstanding the lateness of the instant motion, the standard set forth in Rule 56(a) precludes the granting of summary judgment on the instant claims. Rule 56(a) states, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact *and* the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). When this court denied Defendant's first Motion for Summary Judgment, it found "that there are genuine issues of material fact concerning the need for and amount of the force used by Ronnie Williams . . . ." that precluded summary judgment on Plaintiff's Eighth Amendment excessive force claim (Count I) and assault and battery claim (Count IV). [ECF 136, at 10–11]. That was because Plaintiff and Defendant each have plausible yet diverging accounts of the pepper spraying incident that led to the relevant claims. *See id.* at 3–6. The facts surrounding the incident are necessarily relevant, material, and, here, in dispute.

Now, over a year after I first denied Summary Judgment, Defendant points to nothing that clears up these material disputes. As he states in his motion, "This Court has previously reviewed the facts of this case in Defendants' Motion for Summary [J]udgment and Plaintiff's response thereto." [ECF 184, at 1]. As noted in that review, "the crucial interactions between Lowe and Williams were not recorded and the court is left to weigh the credibility of the parties' competing statements in incident reports

2

and affidavits, which is impermissible at the summary judgment stage." [ECF 136, at 10–11].

Even when determining whether a party is entitled to the protections of qualified immunity, "courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014). "In deciding whether a defendant is entitled to qualified immunity" for an excessive force claim, "[courts] examine (1) whether the facts illustrate that [the defendant] violated [the plaintiff's] constitutional right to be free from excessive force; and (2) if so, whether [the defendant's] conduct was objectively reasonable in view of the clearly established law at the time of the alleged event." *Hill v. Crum*, 727 F.3d 312, 321 (4th Cir. 2013).

Regarding the first prong, the Court previously found that there are genuine issues of material fact as to whether Defendant violated Plaintiff's constitutional right to be free from excessive force. As to the second prong, the Fourth Circuit has repeatedly held that "[i]t is generally recognized that it is a violation of the Eighth Amendment for prison officials to use mace, tear gas *or other chemical agents in quantities greater than necessary* or for the sole purpose of infliction of pain." *Iko v. Shreve*, 535 F.3d 225, 240 (4th Cir. 2008) (emphasis in original). Although Defendant attempts to distinguish *Iko* on the basis that Iko complied with orders and was sprayed, whereas Plaintiff did not comply with Defendant's orders and was sprayed, this argument fails because there continue to be genuine issues of material fact as to

whether Defendant gave orders at all and whether Plaintiff had the opportunity to comply with Defendant's orders before pepper spray was deployed. [ECF 136, at 3]. Plaintiff had a clearly established right to be free from excessive use of pepper spray at the time of the incident, but genuine issues of material fact remain as to whether Defendant's conduct in utilizing pepper spray was objectively reasonable. Because no further argument is made to resolve the material disputes present in the court's previous review of the facts, I **FIND** that summary judgment on the instant claims remains inappropriate.

For the reasons stated herein, it is hereby **ORDERED** that the Renewed Motion for Summary Judgment filed by Defendant Williams is **DENIED.** The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 2, 2021

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE