IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KEITH LOWE,

          Plaintiff,

v.                               CIVIL ACTION NO. 2:17-cv-03929

RONNIE WILLIAMS,

          Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is a motion by Defendant Ronnie Williams to strike a potential witness subpoenaed by Plaintiff Keith Lowe [ECF No. 230], Jon Frame, as well as a motion by the West Virginia Division of Corrections and Rehabilitation ("WVDCR")[1] to quash Mr. Lowe's subpoena of Mr. Frame, its employee [ECF No. 232]. For the reasons that follow, the motions are **GRANTED**.

I. Background

The trial of this matter is currently scheduled to begin on August 30, 2022. [ECF No. 216]. On August 10, 2022, Mr. Lowe sent a letter along with a subpoena to Mr. Frame, calling him as an "expert witness" to testify at the trial because of his "expertise in corrections" and "experience in security[.]" [ECF No. 232-1]. Mr. Frame

---

[1] The WVDCR, formerly known as the West Virginia Department of Corrections, was previously involved in this matter. Betsy Jividen, its commissioner, was a Defendant in this lawsuit until the court dismissed her by order on September 9, 2020. [ECF No. 135, at 6].

"has no independent knowledge of the facts in this matter," which surround a use of force incident by Mr. Williams against Mr. Lowe at Mount Olive Correctional Complex ("MOCC") on July 21, 2017. [ECF No. 233, at 3]. Mr. Lowe stated in his letter to Mr. Frame that another reason he called Mr. Frame to testify was to discuss Mr. Frame's "March 11, 2011, deposition . . . in a prior use of force incident" involving Mr. Lowe. [ECF No. 230, at 5]. Mr. Williams was not a party to the prior use of force action and argues that Mr. Frame's testimony should be excluded as irrelevant. *Id.* at 2.

Mr. Lowe previously listed Mr. Frame under the heading "Expert Witnesses" in his pretrial memorandum. [ECF No. 171, at 2]. However, Mr. Frame "has not been retained by a party as an expert witness, has not generated an expert report based upon the facts of the case *sub judice*, and has never generated any information concerning specific occurrences in dispute." [ECF No. 233, at 2]. The WVDCR argues that the court should quash Mr. Lowe's subpoena of Mr. Frame because Mr. Frame has not been retained as an expert witness and it would be unduly burdensome for him to be required to testify because he has previously arranged out-of-town travel during the scheduled trial. *Id.* at 2–3.

II. Analysis

The Federal Rules of Civil Procedure require the district court where a subpoenaed person will testify to "quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). A subpoena that seeks information irrelevant to the case is a *per se* undue burden. *See Cook v. Howard*, 484

F. App'x 805, 812 n.7 (4th Cir. 2012). Here, it appears that Mr. Frame had no independent knowledge of this matter until he received Mr. Lowe's letter and subpoena less than three weeks before trial. [ECF No. 233, at 3]. Moreover, the testimony of Mr. Frame regarding his prior deposition in a separate use of force incident involving different defendants than this case is plainly irrelevant to the material issues to be tried and therefore inadmissible. *See* Fed. R. Evid. 402, 403. Because Mr. Frame has no personal knowledge of the use of force incident at bar, the only relevant testimony Mr. Frame could provide is, as Mr. Lowe indicates, expert testimony "in corrections" and "security as a whole." [ECF No. 230, at 5].

The Federal Rules of Civil Procedure require parties to disclose to other parties the subject matter on which a witness is expected to present expert testimony, as well as "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii). Federal Rule of Civil Procedure 37(c)(1) precludes a party who has failed to properly disclose witnesses or information in accordance with Rule 26(a) from using those witnesses or information at trial, "unless the failure was substantially justified or is harmless." Moreover, the court "may, on motion, quash or modify [a] subpoena if it requires . . . disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B)(ii).

Mr. Frame has not been retained by Mr. Lowe, or any party, to provide his opinion as an expert, and a review of the docket confirms that Mr. Lowe has not filed expert witness disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) or

(C). Here, the failure to file such expert disclosures earlier is not substantially justified nor harmless. As the Fourth Circuit has noted, "A party that fails to provide [Rule 26(a)] disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278 (4th Cir. 2005). This matter has been ongoing since 2017, and discovery concluded by May 6, 2020. [ECF No. 118, at 7]. Although Mr. Lowe is a pro se litigant, he has received pro se litigation handbooks describing the need to disclose experts in accordance with the requirements of Rule 26(a). Furthermore, Mr. Lowe has substantial experience with civil litigation, considering he has actively filed on his own behalf in various civil cases before this court since at least 2015. *See, e.g.*, *Lowe v. Matheney*, No. 2:13-CV-22416, 2015 WL 5795867 (S.D. W. Va. Sept. 30, 2015); *Lowe v. Johnson*, 797 F. App'x 791 (4th Cir. 2020).

In sum, the court finds that requiring Mr. Frame to appear to testify would be unduly burdensome on Mr. Frame, Mr. Lowe's failure to properly disclose expert testimony is not substantially justified or harmless, any admissible testimony of Mr. Frame's would be irrelevant to the material issues to be tried, and it is otherwise appropriate to quash the subpoena pursuant to Rule 45(d)(3)(B)(ii).

### III. Conclusion

For all of the foregoing reasons, the motions [ECF Nos. 230, 232] are **GRANTED**. Jon Frame is **STRICKEN** from testifying as a witness in this matter because he has no personal knowledge of the material issues and has not been

properly retained as an expert witness prior to trial. Mr. Lowe's subpoena soliciting Mr. Frame's testimony [ECF No. 227] is **QUASHED.** The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 22, 2022

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE