IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KEITH LOWE,

          Plaintiff,

v.                              CIVIL ACTION NO. 2:17-cv-03929

RONNIE WILLIAMS,

          Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff Keith Lowe's renewed motion for judgment as a matter of law and motion for a new trial. [ECF No. 253]. For the reasons below, the motions are **DENIED**.

I. Background

This matter arises out of an incident in 2019 where Defendant Ronnie Williams used pepper spray on Mr. Lowe, an inmate at Mount Olive Correctional Complex ("MOCC"). Mr. Lowe, litigating pro se, claimed that Mr. Williams violated his right to be free from excessive force under the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983 and that Mr. Williams battered him. After a two-day trial, the jury unanimously found by a preponderance of the evidence that Mr. Williams was entitled to the protection of qualified immunity with respect to Mr. Lowe's claims, insulating Mr. Williams from liability. [ECF Nos. 245, 246, 247].

Mr. Lowe presently argues that he is entitled to judgment as a matter of law and a new trial due to the following alleged errors at the trial: 1) excluding depositions of Steve Caudill and other MOCC officers that would have supported "an unwritten practice of opening inmates['] cell doors to fight them[;]" 2) "den[ying] [Mr. Lowe's] [j]ury instruction[;]" 3) prejudicing Mr. Lowe by requiring him to wear restraints during the trial; 4) "not granting [Mr. Lowe] judgment as a matter of law[;]" and 5) admitting evidence that was precluded by motions in limine. [ECF No. 253, at 1–2].

In response, Mr. Williams argues: 1) the depositions Mr. Lowe sought to admit were not taken in this matter, but in a 2011 case, and their exclusion was fully litigated at trial; 2) Mr. Lowe waived any argument on jury instructions because he did not object to them as offered at trial; 3) Mr. Lowe represented himself in this civil matter, had no right to be placed in street clothes, and has cited no authority for his proposition that he was unfairly prejudiced by wearing restraints during trial; 4) Mr. Lowe's naked assertion of entitlement to judgment as a matter of law is a conclusory statement without legal support; and 5) Mr. Lowe fails to specify the evidence that was admitted in error, and any evidence admitted in violation of orders on motions in limine was admitted on Mr. Lowe's on motion. [ECF No. 254, at 1–2].

I first address Mr. Lowe's renewed motion for judgment as a matter of law, including his fourth assignment of error. Then I address Mr. Lowe's motion for a new trial with regard to his remaining assignments of error.

## II. Renewed Motion for Judgment as a Matter of Law

Federal Rule of Civil Procedure 50(b) authorizes a party to renew his motion for judgment as a matter of law after the return of the jury verdict. "[J]udgment as a

matter of law may be granted only if . . . the only conclusion a reasonable jury could have reached is one in favor of the moving party." *Drummond Coal Sales, Inc. v. Norfolk S. Ry. Co.*, 3 F.4th 605, 610 (4th Cir. 2021) (quoting *Int'l Ground Transp. v. Mayor & City Council of Ocean City, MD*, 475 F.3d 214, 218–19 (4th Cir. 2007)). Courts reviewing a jury's verdict must construe the facts—including all inferences drawn from the evidence—in a light most favorable to the non-moving party and in support of the jury's verdict. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150–51 (2000). The court must affirm if a "rational trier of fact" could have reached the jury's conclusion. *Id.* at 153.

I conclude that a rational trier of fact could have reached the jury's conclusion here—a verdict for Mr. Williams. An inmate's claim of Eighth Amendment excessive force involves an objective component regarding the sufficiency of force used, which was satisfied and not in dispute here, and a subjective component, upon which this case hinged. *Dean v. Jones*, 984 F.3d 295, 302 (4th Cir. 2021). "The crucial question under the Eighth Amendment's subjective component is one of motive: whether the officer acted 'in a good faith effort' to protect safety or maintain discipline, or 'maliciously and sadistically for the very purpose of causing harm.'" *Id.* at 308 (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). Similarly, the defense of qualified immunity involves a two-step procedure "that asks first whether a constitutional violation occurred and second whether the right violated was clearly established." *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011).

3

Whether there was a constitutional violation in this case depended entirely on disputed material facts, so I denied Mr. Williams's motions for summary judgment, as well as Mr. Lowe's motion for judgment as a matter of law after all the evidence was entered at trial, and submitted the case to the jury. [ECF Nos. 136, at 6 ("[T]here is no useful video evidence of the interactions between Lowe and Williams or the other officers leading up to or during the use of the pepper spray."); 185]. Construing the facts and all inferences drawn from the evidence in support of the jury's verdict, a rational jury crediting Mr. Williams's account reasonably could infer that he deployed pepper spray into Mr. Lowe's cell in a good faith effort to maintain discipline and protect safety because Mr. Lowe had refused to comply with his commands.

Mr. Williams's affidavit—which Mr. Lowe moved into evidence as Plaintiff's Exhibit 9—supports his account and provides a sufficient evidentiary basis for a reasonable jury to return a verdict in his favor. [ECF Nos. 250-9; 254, at 2]. In it, Mr. Williams states that he believed using pepper spray on Mr. Lowe was necessary to gain compliance because Mr. Lowe "was refusing to follow loud, clear verbal commands to show his hands . . . and appeared to be pulling something from under his clothing[.]" [ECF No. 250-9, at 6]. On his cross-examination, Mr. Lowe admitted that he was pepper sprayed as he was attempting to conceal a contraband cell phone in his clothing, and he agreed that it was reasonable for Mr. Williams to believe that Mr. Lowe was retrieving something, such as weapon, from his pants based on their respective positions inside and outside of Mr. Lowe's cell. On this evidence alone,

4

introduced by Mr. Lowe, a rational trier of fact could have returned a verdict for Mr. Williams.

The jury was instructed that it is clearly established law in the Fourth Circuit that using chemical agents in quantities greater than necessary, for the sole purpose of inflicting pain, or on a docile or compliant prisoner each demonstrate malicious behavior, satisfying the subjective component of an Eighth Amendment violation. Nevertheless, the jury credited Mr. Williams's testimony and the evidence supporting that pepper spray was deployed in a good faith effort to maintain discipline and protect safety, such that Mr. Williams was entitled to the protection of qualified immunity. Finding this conclusion rational,[1] I affirm the jury's verdict and **DENY** Mr. Lowe's renewed motion for judgment as a matter of law.

### III. Motion for a New Trial

Rule 59(a) provides that courts may grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Under this standard, "[a] new trial will be granted if (1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998) (citation omitted). Unlike the

---

[1] *See Jackson v. Morgan*, 19 F. App'x 97, 102 (4th Cir. 2001) (upholding use of pepper spray twelve times when inmate refused to comply with commands to move from his cell); *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996) (finding no Eighth Amendment violation where officer deployed pepper spray after prisoner asked "Why?" in response to command); *Norris v. Detrick*, 918 F. Supp. 977, 984 (N.D. W. Va. 1996) (upholding use of two blasts of pepper spray when inmate refused to return to his cell during lockdown).

court's restraint when considering a Rule 50(b) motion, in making this determination, the court may "weigh the evidence and consider the credibility of witnesses." *Id.* (citation omitted). I address each of Mr. Lowe's remaining assignments of error in turn, but I find that even considering the alleged errors, Mr. Lowe does not meet the standard for granting a new trial.

### 1. Excluding Depositions

At trial, Mr. Lowe sought to admit depositions of two individuals who were not parties or witnesses to this matter that were taken in a 2009 excessive force case brought by Mr. Lowe. He argued that the depositions were relevant to show an "unwritten practice of opening inmates['] cell doors to fight them." [ECF No. 253, at 1]. Mr. Williams objected, arguing that the depositions were irrelevant because he was not involved in the 2011 case in any capacity and that it was improper to admit deposition testimony when Mr. Lowe had not shown that the deponents were otherwise unavailable under the Federal Rules of Evidence and Civil Procedure. Mr. Williams also argued that while evidence of an alleged policy or practice of depriving inmates of their constitutional rights would be relevant to a *Monell* claim, Mr. Lowe did not bring such a claim in this action. I sustained the objection.

"[E]rrors in admitting or excluding evidence" are not grounds for a new trial "[u]nless justice requires[.]" Fed. R. Civ. P. 61. An evidentiary error is harmless and does not require a new trial when it does not affect a party's substantial rights—in this case, whether it can be said with a high probability that the error did not affect the judgment. *U.S. ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 375 (4th Cir. 2015).

6

First, I do not find that the depositions were excluded in error, for the same reason I held at trial: Depositions of nonparties which were not taken in this matter were only admissible as evidence at trial if the standards laid out in Federal Rule of Civil Procedure 32(a)(4) or Federal Rule of Evidence 804(b)(1) were met, and Mr. Lowe did not show that they were.

Moreover, even if excluding the depositions was erroneous, I do not find that justice requires a new trial because the alleged error did not affect Mr. Lowe's substantial rights or the jury's verdict. Mr. Lowe sought to introduce the depositions to show "an unwritten practice of opening inmates['] cell doors to fight them." [ECF No. 253, at 1]. While evidence of an alleged policy or practice of depriving inmates of their constitutional rights would be relevant to certain claims of supervisory liability, Mr. Lowe did not bring such a claim against Mr. Williams in this action. Furthermore, Mr. Lowe was informed that he was free to cross-examine Mr. Williams as to his knowledge of any official or unofficial practices at MOCC, and Mr. Lowe was free to testify as to his personal knowledge of the same. To the extent Mr. Lowe elicited any testimony on the subject, the jury did not find it persuasive. I therefore find that exclusion of the depositions did not affect Mr. Lowe's substantial rights.

### 2. Jury Instructions

Mr. Lowe asserts he is entitled to a new trial because his jury instruction was denied. However, Mr. Lowe never submitted proposed jury instructions to the court prior to trial in accordance with the scheduling order [ECF No. 177], and he stated on the record after reviewing the court's proposed final jury instructions that he had

no objections. "A party may assign as error . . . a failure to give an instruction, if that party properly requested it and—unless the court rejected the request in a definitive ruling on the record—also properly objected." Fed. R. Civ. P. 51(d)(1)(B). I do not find any error affecting the substantial rights of the parties within the jury instructions as given. *See* Fed. R. Civ. P. 51(d)(2); *see also* [ECF No. 242] (granting in part Mr. Lowe's motion for spoliation instructions). Accordingly, Mr. Lowe is not entitled to a new trial on this basis.

### 3. Restraints

Mr. Lowe asserts that he was prejudiced in front of the jury by representing himself in full restraints and because he "could barely move [his] hands from his [waist] . . . ." [ECF No. 253, at 2]. I first note that Mr. Lowe brought this case pro se and did not move for appointment of counsel.[2] The trial court has discretion to order physical restraints on a party without depriving them of their right to a fair trial "when the court has found those restraints to be necessary to maintain safety or security; but the court must impose no greater restraints than are necessary, and it must take steps to minimize the prejudice resulting from the presence of the restraints." *See Davidson v. Riley*, 44 F.3d 1118, 1122–23 (2d Cir. 1995) (collecting cases). If the trial court has evaluated the safety and security concerns, has taken steps to minimize the restraints and their prejudicial effects, and has given a cautionary instruction to the jury, there is likely no denial of due process. *Id.* at 1123–

---

[2] There is no constitutional right to counsel in civil cases, and the Fourth Circuit has instructed that courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).

24; *Billups v. Garrison*, 718 F.2d 665, 669 (4th Cir. 1983) ("A trial judge must be given wide latitude in arriving at his decision to impose restraints, and to base his decision on the information available to him at the time of trial.").

First, in evaluating the safety and security concerns presented by this trial, and in consideration of Mr. Lowe's violent criminal history, I found Mr. Lowe to present a substantial threat to the security of my courtroom and a substantial risk of attempting escape. Mr. Lowe was previously convicted of first-degree murder and is serving a sentence of life without mercy. *See* [ECF 123, at 1–3]. The federal marshals apprised me of Mr. Lowe's past attempts at escaping from state custody, informing my conclusion that requiring Mr. Lowe to wear full restraints during the trial was necessary to maintain the safety and security of the jury, the public, Mr. Williams, counsel, my staff, and myself. *See Woods v. Thieret*, 5 F.3d 244, 248 (7th Cir. 1993) ("[T]he trial court may rely heavily on the marshals in evaluating the appropriate security measures to take with a given prisoner . . . ."). Additionally, this case was brought by Mr. Lowe as an inmate against a prison official for an incident that occurred in a maximum-security correctional facility. The jury certainly would be made aware of the fact that Mr. Lowe was a prisoner no matter his appearance, thus diminishing any prejudicial effect. *See id.* at 249 (quoting *Holloway v. Alexander*, 957 F.2d 529, 530 (8th Cir. 1992) ("[T]he shackles added nothing to the trial . . . [for] [n]o prejudice can result from [the jury] seeing that which is already known.")).

Second, I made substantial effort to mitigate any prejudicial effect of the necessary restraints. I instructed the jury that Mr. Lowe, as a pro se litigant, had a

constitutional right to represent himself and that his decision to represent himself had absolutely no bearing on the merits of his claims and should have no bearing on the jury's decisions regarding the facts. I further instructed the jury that the fact that Mr. Lowe is incarcerated, as well as Mr. Lowe's appearance in a prison uniform and shackles, should not affect their consideration of his evidence or deliberation of his case. I instructed the jury that they were to consider Mr. Lowe's case the same as they would any other party who brought a civil case before the court. I further minimized any prejudice imposed by his appearance in restraints by allowing him to argue and testify from behind counsel table, as well as allowing him the assistance of court personnel and various federal marshals who provided Mr. Lowe's exhibits and other documents to witnesses, opposing counsel, and the court. Given these mitigation efforts, I do not find that Mr. Lowe's appearance during the trial substantially contributed to the verdict obtained or any miscarriage of justice.

### 4. Motions in Limine

Finally, Mr. Lowe states that I erred "by allowing the Defendants to enter evidence that was not allowed in, from Motion [in] Limine." [ECF No. 253, at 2]. Mr. Lowe filed two motions in limine [ECF Nos. 169, 170], and I granted his motions only as to the issues in paragraphs 1–5 of his motion in limine to preclude Mr. Williams from putting on certain evidence about Mr. Lowe's criminal history. [ECF Nos. 170, 204]. Given that any information preliminarily excluded by my order on Mr. Lowe's motions in limine was later introduced at trial by only Mr. Lowe himself, I do not find

that any erroneous evidentiary ruling of mine affected a substantial right of Mr. Lowe's or the judgment reached in this case. *See supra Section III.1.*

## IV. Conclusion

Mr. Lowe's renewed motion for judgment as a matter of law and motion for a new trial [ECF No. 253] are **DENIED**. The court **DIRECTS** the Clerk to send of copy of this Order to counsel of record and any unrepresented party.

ENTER: October 7, 2022

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE